United States Court of Appeals,

Fifth Circuit.

No. 93-3543.

Donald J. CHAILLAND, Plaintiff-Appellee,

v.

BROWN & ROOT, INC., Defendant-Appellant.

Feb. 23, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, DUHÉ and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Brown & Root, Inc. fired Donald Chailland. Chailland sued Brown & Root, Inc., alleging that it had fired him to prevent him from attaining increased benefits under its pension plan, in violation of § 510 of the Employee Retirement Income Security Act (ERISA). Brown & Root, Inc. moved to dismiss Chailland's complaint for failure to exhaust administrative remedies provided by ERISA and Brown & Root's Employees' Retirement and Savings Plan. Alternatively, Brown & Root, Inc. moved to stay the proceedings pending arbitration under the provisions of the plan. The district court denied the motion. This appeal presents the question whether Brown & Root, Inc. may raise these exhaustion requirements, including arbitration, in a suit claiming a violation of ERISA § 510.

I

Upon attaining fifteen years of service with Brown & Root, Inc., ("Brown & Root") participants in its Employees' Retirement

1

and Savings Plan (the "ER & SP") become entitled to substantially greater benefits.[1]  On February 5, 1992, when he was about six months from that threshold, Brown & Root fired Donald Chailland. Brown & Root contended that Chailland had been insubordinate, but Chailland contended that he was fired to prevent his attaining an increase in benefits under the ER & SP.  Without pursuing administrative remedies provided by the ER & SP, Chailland sued Brown & Root, alleging illegal termination under ERISA § 510, 29 U.S.C. § 1140.[2]  Chailland did not sue the ER & SP.  In his complaint, he sought back pay, reinstatement—or, failing that, front pay—and restitution of the benefits to which he would have been entitled.[3]

Brown & Root moved to dismiss Chailland's complaint for failure to exhaust his administrative remedies under ERISA and the

---

[1]According to the terms of the profit sharing plan, employees with ten to fourteen years of service are entitled to share in profits allocated to the plan in a proportion determined by multiplying their annual earnings by two, but upon reaching fifteen years of service, the multiplier rises to three.  Thus, upon reaching fifteen years of service, an employee can expect a fifty percent increase in his benefits from the profit sharing plan.

[2]Among other things, § 510 prohibits an employer from discharging an employee "for the purpose of interfering with the attainment of any right to which such participant may become entitled" under the provisions of an employee benefit plan.

[3]Section 510 declares that the provisions of § 1132, ERISA § 502, "shall be applicable in the enforcement of this section." Section 502 authorizes civil suits by a participant "to recover benefits due ... under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan";  29 U.S.C. § 1132(1);  and "to obtain ... appropriate equitable relief" to redress violations of ERISA or an ERISA plan, or to enforce any of its provisions.  29 U.S.C. § 1132(3).

ER & SP. It also moved for a stay pending arbitration, but it never requested an order compelling arbitration.[4] Chailland contended that the exhaustion requirement did not apply to his claim under § 510 and that neither the ER & SP's administrative remedies nor its requirement for arbitration applied to his claim.

The district court agreed with Chailland and denied Brown & Root's motions. Brown & Root appealed the district court's order denying arbitration, invoking our jurisdiction under 28 U.S.C. § 1292(a)(1) and the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(A). The district court then certified a discretionary appeal under 28 U.S.C. § 1292(b) from its order denying dismissal for failure to exhaust administrative remedies. Because of the appeal hinging on arbitration—an appeal of right—we consolidated the two appeals and carried with the case the petition to grant an appeal on the exhaustion issue under § 1292(b). We will grant Brown & Root's petition, and consider the matters together.

## II

### A

We consider this appeal against the backdrop of three critical points, which we establish at the outset. First, as Brown & Root

---

[4]According to the terms of the ER & SP, before suing in federal court, participants must "exhaust the Brown and Root Appeal and Arbitration Procedure to resolve any disputes." That procedure is available to a participant "if any benefit is denied in whole or in part, or if you believe the plan is violating the law in any way, or if any other dispute arises under the plan provisions." The procedure is set forth in an amendment to the plan. Chailland denies that he was ever notified of the amendment, and therefore argues that he should not be bound by it. Because we determine that they are not applicable to his claims for other reasons, we need not consider this argument.

3

admits, the ER & SP is a separate legal entity as a matter of law, and may sue or be sued in its own right. 29 U.S.C. § 1132(d). At oral argument, it became clear that in this lawsuit Brown & Root claims no legal relationship with the ER & SP. The ER & SP is not an agent of Brown & Root, and Brown & Root is not a third party beneficiary of any agreement between Chailland and the ER & SP. Brown & Root would not be obligated to abide by any determination made by the ER & SP if Chailland had submitted his claim to it.

Second, the arbitration agreement urged in this case derives solely from the provisions of the ER & SP. At oral argument, counsel for Brown & Root conceded that the arbitration agreement applies only to disputes "regarding" the ER & SP, and the duty to arbitrate arises only after administrative remedies provided by the ER & SP have been exhausted. In other words, there is no agreement between Brown & Root and Chailland to arbitrate anything.[5] The only agreement to arbitrate is between Chailland and the ER & SP.

Third, the ER & SP is not a party to this suit. Neither Chailland nor Brown & Root joined it as a party, and the ER & SP did not attempt to intervene. Chailland does not contend that the ER & SP denied him any benefit or violated the law in any way. Instead, this dispute involves the ER & SP only tangentially, if at all; Chailland argues only that the terms of the ER & SP provide the motive for his termination. It is clear, therefore, that this

---

[5]Because no agreement to arbitrate exists between Brown & Root and Chailland, we hold that the district court properly denied Brown & Root's motion to stay the lawsuit pending arbitration.

is an action against Brown & Root, Inc., alone. Bearing these preliminary points in mind, we turn to the question presented by this appeal.

B

Brown & Root argues that the district court erred when it denied its motion to dismiss Chailland's complaint for failure to exhaust administrative remedies under ERISA caselaw and the ER & SP, which includes binding arbitration. It argues that under the terms of the ER & SP and the applicable case law, Chailland must pursue the ER & SP appeal procedures before filing this suit. Chailland argues that neither the administrative remedies of the ER & SP nor the exhaustion requirement imposed by our cases apply to a lawsuit for wrongful termination solely based on the wrongful conduct of Brown & Root. We agree.

ERISA itself is silent on the question of exhaustion of administrative remedies under ERISA § 510. Indeed, ERISA contains no exhaustion requirement whatsoever.[6] However, relying upon *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980), plus Congressional intent and well-settled principles of administrative law, we adopted the common law rule that a plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied. *Denton v. First National Bank,*

---

[6]Because exhaustion is not required by ERISA, it is not a prerequisite to our jurisdiction. *See Central States Southeast & Southwest Areas Pension Fund v. T.I.M.E.-D.C.,* 826 F.2d 320, 326–27 (5th Cir.1987).

5

765 F.2d 1295, 1300-1303 (5th Cir.1985).[7]

Our cases applying this common law exhaustion requirement presuppose that the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and that the plan is capable of providing the relief sought by the plaintiff.[8] As our earlier discussion makes clear, neither of these conditions is present here. First, the decision to fire Chailland, which is

---

[7]The circuits are split on the general issue whether exhaustion of administrative remedies may be required for an ERISA § 510 claim. The Third, Ninth, and Tenth Circuits do not require exhaustion. *See Zipf v. American Telephone & Telegraph Co.,* 799 F.2d 889, 891-94 (3rd Cir.1986); *Amaro v. Continental Can Co.,* 724 F.2d 747, 750-52 (9th Cir.1984); *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1204-05 (10th Cir.1990). The Seventh Circuit, on the other hand, vests district courts with discretion to require exhaustion. *Kross v. Western Electric Co.,* 701 F.2d 1238, 1243-45 (7th Cir.1983). The Eleventh Circuit apparently requires it. *Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1225-27 (11th Cir.1985), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986). In *Mason,* which is the sole instance in which a circuit court mandated exhaustion of remedies, the pension plan incorporated into its terms the collective bargaining agreement between the employer and the former employee's union, and thus provided an administrative mechanism for resolving the wrongful termination claims. *Id.* at 1226. In this case, however, the ER & SP cannot provide a remedy. In short, none of these cases furnishes a legal or logical justification for requiring exhaustion of remedies when, as here, the grievance is completely foreign to the plan and plan is incapable of providing a remedy.

[8]*See, e.g., Denton v. First National Bank,* 765 F.2d 1295 (5th Cir.1985) (former employee sought lump-sum payment of benefits from pension plan); *Meza v. General Battery Corp.,* 908 F.2d 1262 (5th Cir.1990) (former employee and union member sought payment of pension benefits from employer and pension plan, based on collective bargaining agreement and pension plan); *Simmons v. Willcox,* 911 F.2d 1077 (5th Cir.1990) (former employee sought payment of benefits and further alleged that the plan had breached its fiduciary duties to her by refusing to pay her claims for benefits); *Medina v. Anthem Life Insurance Co.,* 983 F.2d 29 (5th Cir.1993) (insured sought payment of a disputed claim from group health insurer covered by ERISA).

the sole grievance presented in this case, was made by Brown & Root, not by the ER & SP.  This lawsuit therefore does not involve any action of a plan covered by ERISA.  In addition, the ER & SP is not capable of providing the remedy that Chailland seeks.  Because neither of these conditions is present, we hold that our exhaustion doctrine is simply inapplicable in this case.  Indeed, to remit Chailland's claim to the ER & SP would make absolutely no sense and would be a hollow act of utter futility.  Accordingly, we hold that the district court properly denied Brown & Root's motion to dismiss pursuant to our exhaustion of remedies doctrine.[9]

## III

For the above reasons, we hold that the district court properly denied Brown & Root's motions to dismiss Chailland's

---

[9]Our previous cases have not characterized the exhaustion requirement as a personal defense that may be raised or waived only by a particular party, and it is unnecessary to so hold today.  We observe, however, that in substance it is a defense to litigation, and that the prudential concerns underlying the exhaustion requirement suggest to us that if it is a defense, it belongs to the ER & SP, which is not a party to this case.

It is a well-established general rule that parties may not raise defenses that are not their own.  In *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040 (8th Cir.1992), for example, a federal case paralleled a concurrent state proceeding that culminated first in a consent decree.  Intervenors sought to raise the consent decree approved by the state court to preclude, on the grounds of *res judicata*, entry of a consent decree by the federal court.  The Eighth Circuit held that the intervenors could not assert the defense of *res judicata*.  "This defense, if it is available at all, may only be raised by [the original defendant].  [The defendant's] decision not to assert this defense does not give the intervenors standing to raise it, as a party may assert a third party's rights only if, *inter alia*, the third party is unable to assert its own rights, a condition not present here."  952 F.2d at 1043.

7

complaint or, in the alternative, to stay his suit pending arbitration.  Accordingly, the judgment of the district court is affirmed and the case is remanded for further proceedings not inconsistent with this opinion.

AFFIRMED and REMANDED.