**Ernest SMITH, Plaintiff,**

**v.**

**GENCORP, INC., Defendant.**

**Civil Action No. 1:96CV164–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

July 14, 1997.

Jim D. Waide, III, Waide Law Office, Tupelo, MS, for Ernest Smith.

David L. Sanders, Mitchell, McNutt, Threadgill, Smith & Sams, Columbus, MS, for Gencorp.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause comes before the court upon the motion of defendant Gencorp, Inc. ("Gencorp") for summary judgment in its favor as against all of the plaintiff's claims. Plaintiff Ernest Smith has sued Gencorp alleging that the defendant violated § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, when it discharged him. Smith also alleges that Gencorp's termination of his employment violated Gencorp's employee handbook and thus constitutes a claim for wrongful discharge under Mississippi law. Gencorp submits that no genuine issues of material fact exist and that the plaintiff's claims are thus subject to dismissal as a matter of law. Both sides have fully briefed the issues and the motion is ripe for determination by this court.

### FACTUAL BACKGROUND [1]

Gencorp hired the plaintiff in 1972 as a compounder, an hourly employee who mixes the raw ingredients necessary for the pro-

---

1. In a motion for summary judgment, the facts must be construed in the light most favorable to the non-moving party. *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir.1994). The court's recitation of the facts in this case reflects this rule.

duction of underlay, or carpet cushion. Smith Dep., Jan. 23, 1997, at 20–21. He eventually held several other hourly positions with Gencorp including shipper underlay, emboss helper, factory trucker, and shipper. *Id.* at 21–23. In 1977, Smith took a salaried position with the company as a security guard. *Id.* at 23. Gencorp promoted the plaintiff to part of the management team as an expediter in 1982. *Id.* at 24. He remained in that position for approximately one year when he was promoted to the position of floor supervisor. *Id.* Gencorp retained him as a floor supervisor until the termination of his employment on March 30, 1996. *Id.* at 24–25; Smith Aff., May 30, 1997.

In March 1994, Smith suffered a heart attack and did not return to work until September of that same year. Smith Aff. at 2. Upon his return, the plaintiff retained his title of floor supervisor but performed merely clerical duties. *Id.* Smith experienced chest problems shortly after his return and again took sick leave from late September 1994 through November 1994. Once again he returned to work, performing clerical duties the majority of the time,[2] until he had major surgery in October 1995. *Id.* After the surgery, Smith returned to work in January 1996 and resumed his regular responsibilities as a floor supervisor until his discharge approximately three months later.

Throughout this relevant time period, Smith incurred approximately $125,000.00 in medical bills and expenses. Smith Aff. at 2. Although Aetna Insurance Company administers all employee claims for the defendant, Gencorp is a self-insured corporation and thus covered these expenses itself, less the deductible. Around this same time period, Gencorp began experiencing a decline in sales in its Residential Wall Covering product lines. Robinson Aff., April 23, 1997, at 1. In order to remain competitive, the defendant found it necessary to reduce its workforce. *Id.* After determining how many positions should be eliminated, Gencorp reviewed each salaried employee's latest performance appraisal along with the employee's Behavioral Expectations Assess-

ment and ranked the employees according to their scores. *Id.* at 2–3. Those employees with low performance evaluations were subject to immediate discharge pursuant to the reduction in force. *Id.* at 3. Management then reviewed the remaining employees with satisfactory ratings to determine whether any remained in jobs which would be defunct after the reduction. *Id.* Those employees were also included in the lay-off. *Id.*

Gencorp ranked the plaintiff in the low employee performance category based upon his performance appraisal dated March 25, 1996, for the period from November 1994 through November 1995, and upon his Behavioral Expectations Assessment. Robinson Aff. at 3. Smith disputes these ratings and Gencorp's assertion that his inclusion in the reduction in force was premised upon them. Instead, Smith contends he was discharged because of the substantial amount of medical costs the company incurred because of him. Although Smith has been fully vested in Gencorp's ERISA plan, he filed suit for wrongful discharge in violation of ERISA and state law. Gencorp subsequently filed the present motion under debate.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden rests upon the party seeking summary judgment to show to the district court that an absence of evidence exists in the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see Jackson v. Widnall,* 99 F.3d 710, 713 (5th Cir.1996); *Hirras v. Nat'l R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir.1996). Once such a showing is presented by the moving party, the burden shifts to the non-moving party to demonstrate, by specific facts, that a

---

**2.** Smith testified that he worked as a supervisor in January 1995 and also moved from various positions and shifts from November 1994 through October 1995. Smith Aff. at 2.

genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland,* 101 F.3d 1095, 1099 (5th Cir.1996); *Brothers v. Klevenhagen,* 28 F.3d 452, 455 (5th Cir.1994). Substantive law will determine what is considered material. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 40 (5th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see City of Nederland,* 101 F.3d at 1099; *Gibson v. Rich,* 44 F.3d 274, 277 (5th Cir.1995). Further, "[w]here the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see City of Nederland,* 101 F.3d at 1099. Finally, all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom. *See Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513; *Banc One Capital Partners Corp. v. Kneipper,* 67 F.3d 1187, 1198 (5th Cir.1995); *Taylor v. Gregg,* 36 F.3d 453, 455 (5th Cir.1994); *Matagorda County v. Russell Law,* 19 F.3d 215, 217 (5th Cir.1994). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994); *Guillory v. Domtar Industries Inc.,* 95 F.3d 1320, 1326 (5th Cir.1996); *Richter v. Merchants Fast Motor Lines, Inc.,* 83 F.3d 96, 97 (5th Cir.1996). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little,* 37 F.3d at 1075 (emphasis omitted); *see Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990).

## II. THE ERISA CLAIM

### A. *Exhaustion of Administrative Remedies*

■ The defendant first submits that the court should dismiss the plaintiff's ERISA claim because the plaintiff failed to exhaust his available administrative remedies before filing suit in federal court. The plaintiff contends that no administrative remedies exist under Gencorp's plan for a claim of wrongful discharge. Although ERISA itself does not specifically require exhaustion, courts have uniformly imposed an exhaustion doctrine upon ERISA plaintiffs before they may be allowed to sue for benefits wrongfully denied. *Hall v. National Gypsum Co.,* 105 F.3d 225, 231 (5th Cir.1997); *Chailland v. Brown & Root, Inc.,* 45 F.3d 947, 950 (5th Cir.1995). The seminal case requiring exhaustion was issued by the Ninth Circuit in *Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980). In explanation for its holding, the *Amato* Court noted that

> the purposes of the exhaustion requirement included minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, and decreasing the time and cost of claims settlement.

*Hall,* 105 F.3d at 231 (citing *Amato,* 618 F.2d at 567). In *Denton v. First Nat'l Bank of Waco,* the Fifth Circuit embraced the Ninth Circuit's analysis and further noted that implementation of the exhaustion doctrine would preserve a clear record of administrative action should litigation ensue, thus allowing review under the arbitrary and capricious standard in lieu of *de novo* scrutiny. 765 F.2d 1295, 1300 (5th Cir.1985) (additionally noting that such requirement would "keep from turning every ERISA action, literally, into a federal case.").

The plaintiff does not contend that he exhausted his administrative remedies, but instead opines that the requirement should not apply in this instance to bar his suit. This court agrees. The plaintiff's suit is one for wrongful discharge under § 510, not for wrongful denial of a claim for benefits under § 502. Although the cases are more uniform in addressing an ERISA § 502 claim, the circuits are split with regard to the applicability of the exhaustion requirement for an ERISA § 510 claim. *Chailland,* 45 F.3d at

950 n. 7 (citing cases). Indeed, the Fifth Circuit, when faced with a situation analogous to that presented in the case *sub judice,* declined to impose such an obligation:

> Our cases applying this common law exhaustion requirement presuppose that the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and that the plan is capable of providing the relief sought by the plaintiff. As our earlier discussion makes clear, neither of these conditions is present here. First, the decision to fire [Plaintiff], which is the sole grievance presented in this case, was made by [Defendant Employer], not by the [Plan]. This lawsuit therefore does not involve any action of a plan covered by ERISA. In addition, the [Plan] is not capable of providing the remedy that [Plaintiff] seeks. Because neither of these conditions is present, we hold that our exhaustion doctrine is simply inapplicable in this case. Indeed, to remit [Plaintiff's] claim to the [Plan] would make absolutely no sense and would be a hollow act of utter futility.

*Chailland,* 45 F.3d at 950–51 (internal footnote omitted).

That same analysis may be employed in this instance. Smith has sued his employer, Gencorp, for wrongful discharge in violation of ERISA. Furthermore, the sections of Gencorp's ERISA plan document and summary plan description cited to the court by the defendant in support of its exhaustion argument only reference situations involving denial of claims for benefits. Defendant's Brief at 10. The defendant failed to cite any plan provision setting forth a remedy or appeal procedure for wrongful discharge. As such, the defendant has failed to meet its burden in demonstrating that no genuine issue of material fact exists with reference to the plaintiff's exhaustion of administrative remedies and the defendant is not entitled to summary judgment on this basis.[3]

### B. ERISA Elements

■ The defendant next maintains that summary judgment is proper because the plaintiff has failed to establish a *prima facie* case for an ERISA violation. The elements necessary to establish a *prima facie* case are not static and vary depending upon the factual circumstances and the type of claim asserted. *Alphin v. Sears, Roebuck & Co.,* 940 F.2d 1497, 1500 (11th Cir.1991). In this context, a § 510 claim for unlawful discharge, courts have ruled that a plaintiff may establish his case of discrimination by demonstrating that (1) he is entitled to ERISA's protection, (2) he was qualified for the position from which he was discharged, and (3) he was discharged under circumstances that give rise to an inference of discrimination. *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1223 (11th Cir.1993).

■ The Fifth Circuit, however, has modified the last element listed above to impose a somewhat heavier burden upon ERISA plaintiffs. In order to prevail on his § 510 ERISA claim, Smith must demonstrate that Gencorp acted with specific discriminatory intent by retaliating against him for exercising an ERISA right or interfering with the attainment of benefits to which Smith would have become entitled under the ERISA plan. 29 U.S.C. § 1140; *Rogers v. International Marine Terminals, Inc.,* 87 F.3d 755, 761 (5th Cir.1996); *Unida v. Levi Strauss & Co.,* 986 F.2d 970, 979–80 (5th Cir.1993) ("[I]n this circuit, it is now settled that, to recover under Section 510, 'the plaintiff must show that the employer had the specific intent to violate ERISA.'") (internal quotations omitted); *Olitsky v. Spencer Gifts, Inc.,* 964 F.2d 1471, 1479 (5th Cir. 1992); *Carlos v. White Consol. Indus., Inc.,* 934 F.Supp. 227, 232 (W.D.Tex.1996). Smith need not demonstrate that interference with his ERISA rights was the sole factor which motivated Gencorp to terminate his employment, but only that it was *a* motivating factor. *Carlos,* 934 F.Supp. at 232; *Seaman v. Arvida Realty Sales,* 985 F.2d 543, 545 (11th Cir.1993). However, he must also show that the suffered loss of benefits was "more than the incidental result of discharge." *Carlos,*

---

**3.** Indeed, in its rebuttal brief, the defendant appears to concede this issue. Rebuttal Brief at 2

n. 2.

934 F.Supp. at 232. Finally, as with all such discrimination cases, the plaintiff may employ circumstantial evidence to prove wrongful intent. *Id.*

The plaintiff submits that Gencorp terminated his employment because he was accruing a substantial amount of medical bills covered under the benefits plan. Gencorp responds that it discharged the plaintiff because his low employee performance ratings indicated he was a prime candidate for inclusion in the reduction in force. Smith disputes the defendant's assessments of his performance and contends that the proffered reason is merely a pretext for discrimination. The defendant has carried its burden in this regard and demonstrated that no genuine issues of material fact exist with reference to the existence of the elements required to prevail under ERISA. As noted *supra,* the plaintiff must demonstrate that the defendant *specifically intended* to interfere with rights protected under ERISA when it terminated his employment.[4] *Unida,* 986 F.2d at 979–80. The proof proffered by the plaintiff does not create a genuine issue of material fact as to that issue.

Smith's evidence is that he suffered a heart attack in March 1994, a setback in September 1994 and endured major surgery in October 1995. After incurring $125,000.00 in medical bills from March 1994 through January 1996, Smith returned to work, but was discharged three months later on March 30, 1996. No evidence other than the temporal proximity between the plaintiff's final incursion of medical expenses and his discharge has been placed before the court linking the plaintiff's employment termination to the exercise of his right to benefits

pursuant to Gencorp's health care plan. In some instances, temporal proximity may be sufficient to support the existence of discrimination, but not necessarily in every such situation. *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1092 (5th Cir.1995) ("The timing of the adverse employment action can be a significant, although not necessarily determinative, factor."). The proximity of the discharge to Smith's exercise of ERISA rights is merely one factor for this court to consider in determining the existence of discriminatory intent. *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 44 (5th Cir.1992) ("The District Court properly weighed the lapse of time as one of the elements in the entire calculation of whether [the plaintiff] had shown a causal connection between the protected activity and the subsequent firing.").

In this instance, the court is of the opinion that the timing of the relevant events in question is not so suspicious as to warrant an inference of discriminatory intent on Gencorp's behalf. The plaintiff began incurring substantial medical bills as early as March 1994, but was not terminated until two (2) years later. Furthermore, the plaintiff himself testified that he was merely guessing when he averred that Gencorp fired him because of his medical bills.

Q: All right. Now, I understand, but there's got to be a difference between opinion and fact. Let's try to break it down, if we can, Mr. Smith. You have said that you believe that you were ranked low in your performance evaluation and in your General Behavioral Expectation Assessment because, in your opinion, GenCorp wanted to in-

---

4. Because the court hinges its decision on this factor, the undersigned declines to address in any lengthy discussion the remaining two elements. From the evidence before the court is appears that genuine issues of material fact exist as to Smith's qualifications for the job of floor supervisor. Although he held that position for approximately fifteen (15) years prior to his discharge, there is evidence to suggest that he began receiving poor performance reviews which a reasonable trier of fact could construe as indicative of his lack of job qualifications. This court is also of the opinion that Smith is protected by ERISA even though he has previously fully vested in Gencorp's benefit plan. While neither par-

ty directed the court's attention to any controlling Fifth Circuit authority on this issue, the court finds persuasive the analysis set out by the Eleventh Circuit in *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1222 (11th Cir.1993). There the court held that § 510 protects employees even after their rights have vested and "prohibits an employer from discharging an employee for the purpose of preventing the employee from receiving additional vested benefits." *Clark,* 990 F.2d at 1222 (citing cases). However, those factors do not preclude an award of summary judgment because no genuine issues of material fact exist as to the third element—specific intent.

clude you in the reduction in force, terminate you, right?

A: Correct.

Q: And I'm asking you other than just being your belief or your opinion, has anybody told you that?

A: No.

Q: Have you ever seen a document that says that?

A: No.

Q: So, what is it that you believe? Is it you—is it fair for me to say you believe that because you were, in fact, terminated?

A: That, and it's just my beliefs, period.

Q: Is there anything other than your belief you could give me to support that?

A: No.

Q: Okay. So, it's just your—I guess for lack of a better word, it's just your guess that that's what it was.

A: Yes, sir.

Q: And it's nothing more than a guess, is it?

A: That's all.

\* \* \* \*

Q: On what basis do you state that you were terminated because you had a heart attack and you were out on medical leave and you had high medical bills?

A: Just another justification.

\* \* \* \*

Q: Is that a guess again on your part?

A: Yes.

\* \* \* \*

Q: Alright. And as we discussed earlier, you don't have any—you don't—there's no person that's told you that you were laid off from GenCorp or terminated from GenCorp because you had substantial medical bills?

A: No.

Q: And you're just guessing on that or speculating on that, are you not, sir?

A: Speculation.

Smith Dep. at 113–15; 122.

In contrast, the defendant offered as evidence statements of members of Gencorp management—including the two who decided to discharge the plaintiff—to the effect that Smith's medical bills played no part in his inclusion in the reduction in force. James Robinson, Gencorp's Human Resources Manager during the relevant time in question, testified by affidavit that he had "no knowledge of the amount of medical expenses incurred by Gencorp on behalf of Ernest Smith. Ernest Smith's alleged medical costs were not mentioned nor were they considered in any way when deciding those individuals to be included in Gencorp's reduction in force." Robinson Aff., April 23, 1997, at 4; *see also* Blankenship Aff., April 23, 1997 (same); Hawkins Aff., April 23, 1997 (same). Furthermore, the plaintiff does not dispute the defendant's asseveration that a reduction in the workforce was required in order for the company to remain competitive in the residential wall covering product lines. Robinson Aff. at 1; Hawkins Aff. at 1.

Under the principles set forth in *Celotex* which guide this court, the undersigned is of the opinion that summary judgment is appropriate as to the plaintiff's ERISA claim. The defendant demonstrated to the satisfaction of the court that no genuine issue of material fact exists as to the plaintiff's case. Smith simply failed to establish the requisite elements or provide the court with record evidence which would create a genuine issue of material fact as to the existence of those elements, particularly the defendant's specific intent to violate ERISA. Although the court is aware that the threshold for defeating a motion for summary judgment is not necessarily a high one, the burden remains on the plaintiff once the defendant demonstrates the absence of any genuine issue of material fact. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). Furthermore, "while the Plaintiff[ is] entitled to have reasonable inferences drawn in [his] favor, the inferences to be drawn 'must be rational and reasonable, not idle, speculative,

or conjectural.'" *Unida*, 986 F.2d at 980 (quoting *Richoux v. Armstrong Cork Corp.*, 777 F.2d 296, 297 (5th Cir.1985)). Any inference premised on the evidence presented to the court relative to Smith's inclusion in the reduction in force that Gencorp intended to violate Smith's rights protected by ERISA would be purely speculative. Gencorp is entitled to a judgment as a matter of law on this claim.

### III. STATE LAW CLAIM OF HANDBOOK POLICY VIOLATION

■ Gencorp also submits that it is entitled to a judgment as a matter of law with respect to the plaintiff's claim that his discharge violated the employee handbook policy. Smith declined to respond to the defendant's argument on this issue. The court is of the opinion that Gencorp is also entitled to a judgment as a matter of law against this claim. Without delving into the ERISA preemption quagmire, the court finds that there is simply no evidence before it to support the plaintiff's handbook claim. In fact, the plaintiff testified that he never received, reviewed, nor relied on any handbook from Gencorp as a salaried employee.[5] Smith Dep. at 123–24, 126; *see, e.g., Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 548 (5th Cir.1990) (holding at-will contract not altered where employer did not distribute to employees a general employee handbook or other documentation indicating such an intent). Furthermore, as a salaried employee, Smith was not a member of any union at Gencorp and so was not a participant in any collective bargaining agreement. *Id.* at 167, 169, 170–71. Under Mississippi law, without an express employment contract or one created through an employment handbook, the plaintiff must be considered an at-will employee. *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1089–90 (5th Cir.1992); *Hartle v. Packard Elec.*, 626 So.2d 106, 109 (Miss.1993); *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss.1987).

"This means that either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract." *Solomon*, 975 F.2d at 1089. Only two very narrow public policy exceptions to this general rule exist in Mississippi. An at-will employee may bring a wrongful discharge claim against his employer when the employment relationship is terminated because the employee refused to commit an illegal act for the employer or because the employee reported an illegal act of the employer. *Willard v. Paracelsus Health Care Corp.*, 681 So.2d 539, 542 (Miss. 1996); *McArn v. Allied Bruce–Terminix*, 626 So.2d 603, 606 (Miss.1993). Neither of these two exceptions apply to the facts of this case. Thus, as no genuine issue of material fact exists which would otherwise preclude a ruling upon this issue, the plaintiff's state employee handbook claim shall be dismissed.

### CONCLUSION

After considering the record and the parties' briefs, the court is of the opinion that the defendant's summary judgment motion should be granted. The defendant demonstrated that the plaintiff's evidence does not suffice to establish his ERISA claim and no genuine issue of material fact exists as to that finding. Gencorp is entitled to a judgment as a matter of law on this claim. Further, no genuine issue of material fact is present concerning the plaintiff's state law handbook claim and Gencorp's motion shall be granted as to this claim also.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pursuant to a memorandum opinion issued this day, the court upon due consideration of the defendant's motion for summary judgment finds the motion well taken and shall

---

**5.** Smith testified as follows:

Q: Okay. Well, have we established then under paragraph 9 when you say that your discharge was in violation of the employment handbook, are we clear that that's something that's in the office of the management that you haven't seen?

A: Yes.

Q: Do you know what this handbook says?

A: No.

Q: So, you can't tell me what the violation is of the handbook?

A: No, not really.

Smith Dep. at 126.

grant it. Therefore it is hereby ORDERED that:

1) the motion of defendant Gencorp, Inc. for summary judgment is hereby GRANTED.

2) the plaintiff's claims are hereby DISMISSED.

3) the plaintiff's motion to stay ruling on the motion for summary judgment is hereby DENIED AS MOOT.

4) this case is CLOSED.

All memorandum, depositions, affidavits and other matters considered by the court in granting the defendant's motion for summary judgment are hereby incorporated and made a part of the record in this cause.