**Carol BURDITT, Plaintiff,**

v.

**KERR–McGEE CHEMICAL CORP., et al., Defendants.**

**No. 1:96CV77–S–D.**

United States District Court, N.D. Mississippi, Eastern Division.

Sept. 12, 1997.

Jim D. Waide, III, Waide Law Office, Tupelo, MS, for Plaintiff.

Carolyn Gregg Hill, Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, OK, for Defendants.

## OPINION

SENTER, Chief Judge.

This cause is before the court upon the defendants' motion to dismiss and motion for summary judgment on the plaintiff's ERISA claim. Based upon the following, the defendants' motions are denied.

## FACTS

Carol Burditt began working at the Kerr–McGee facility in Hamilton, Mississippi in February, 1984 as a clerical employee. Burditt applied for the position through the Mississippi Employment office in Aberdeen, Mississippi. Burditt worked under the supervision of Kerr–McGee employees, was expected to keep regular hours as other employees, and was to conduct herself in a manner consistent with Kerr–McGee employees. Kerr–McGee contends that during this period, Burditt was an independent contractor. Indeed, Kerr–McGee issued 1099's to Burditt and, accordingly, did not withhold nor contribute to social security payments. Three years later in 1987, Burditt was asked to sign a typed contract, presumably written by Kerr–McGee personnel, which stated that Burditt was an independent contractor of Kerr–McGee.

In 1990 her supervisor, Ann Talley, told Burditt that in the future her paychecks would originate with McClanahan & Sons.[1] Burditt did not interview nor otherwise have personal contact with personnel of McClanahan & Sons. The only change in effect was the source of Burditt's paycheck in that for six years it had been issued by Kerr–McGee and for the next five years it would be issued by McClanahan & Son. Kerr–McGee's position is that Burditt was transformed from an

---

1. McClanahan & Sons is a construction company in Columbus, Mississippi which apparently acts as an employee leasing agency solely for the Hamilton, Mississippi Kerr–McGee facility.

independent contractor to a leased employee with the 1990 announcement. In February of 1995, Burditt was told her services were no longer needed. Due to Kerr–McGee's internal job posting procedure, Burditt was ineligible to transfer to another position because of her classification as a leased employee. Had Burditt transferred into one of the "Kerr–McGee" positions, Kerr–McGee would have been obligated to retroactively award benefits to Burditt for all of her years of service under the terms of the plan. Burditt has brought suit alleging that Kerr–McGee violated ERISA when it classified her for eleven years as a non-employee so as to avoid paying her benefits, that such action also had the detrimental effect of her loss of employment because she was deprived of the opportunity to transfer internally based upon the classification, and, finally, that the motivation for her discharge was supplied by the terms of the plan. Further, Burditt seeks statutory penalties for Kerr–McGee's failure to supply her with the requested copy of the plan.

## DISCUSSION

Kerr-McGee has moved for dismissal and for summary judgment. Initially, the court notes that because matters outside the pleading were presented to and not excluded by the court, the 12(b)(6) motions will be considered under the summary judgment standard as provided in Rule 56. Civil Procedure Rule 12(b). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When a proper motion for summary judgment is made, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Gibson v. Rich,* 44 F.3d 274, 276 (5th Cir.1995). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In this analysis, the court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Crescent Towing v. M/V Anax,* 40 F.3d 741, 743 (5th Cir.1994).

## PROPRIETY OF CLAIM AND STANDING

The defendants argue that there is no cause of action for Burditt under ERISA and that Burditt lacks standing because she was a leased worker. While ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits, *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), ERISA does provide a cause of action for discriminatory discharge when the asserted discrimination is motivated by a desire to deprive an employee of an existing right to which he may become entitled. *McGann v. H & H Music Co.,* 946 F.2d 401, 408 (5th Cir.1991), *cert. denied* 506 U.S. 981, 113 S.Ct. 482, 121 L.Ed.2d 387 (1992). Section 510 of ERISA makes it unlawful for an employer

> to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140. "Among other things, § 510 prohibits an employer from discharging an employee 'for the purpose of interfering with the attainment of any right to which such participant may become entitled' under the provisions of an employee benefit plan." *Chailland v. Brown & Root, Inc.,* 45 F.3d 947, 949 (5th Cir.1995). One of the issues that must necessarily be decided in this case is whether, in fact, Burditt was an employee of Kerr–McGee during her eleven years of service there as she contends. The Supreme

Court has noted that the definition for "employee" under ERISA is "completely circular and explains nothing." *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992). "Thus, we adopt a common-law test for determining who qualifies as an 'employee' under ERISA." *Id. See Vizcaino v. Microsoft Corp.*, 120 F.3d 1006 (9th Cir.1997), *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488 (11th Cir.1993), *Penn v. Howe–Baker Engineers, Inc.*, 898 F.2d 1096 (5th Cir.1990).

Burditt alleges that Kerr–McGee classified her as an independent contractor and later a leased worker so as to avoid paying her benefits. Further, Burditt alleges that the classification prevented her from continued employment because the classification rendered her ineligible for an in-house transfer. By the terms of its plan, Kerr–McGee would have been obligated to pay back-benefits to Burditt had the company transferred her into one of the open positions. Therefore, this court finds that Burditt has indeed stated a viable cause. *See Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 761 (5th Cir.1996); *Unida v. Levi Strauss & Co.*, 986 F.2d 970, 979–80 (5th Cir.1993); *Smith v. Gencorp, Inc.*, 971 F.Supp. 1071 (N.D.Miss.1997).

Additionally, determination of Burditt's status necessarily affects the standing issue. "A discharge to prevent vesting of benefits in violation of section 510 by definition must be challenged by someone other than a current employee or someone with a claim to vested benefits. Thus, the standing question and the merits of an employee's claim are unavoidably intertwined to some degree; whether a plaintiff has standing to assert ERISA rights may depend upon whether he can establish a discharge or some other conduct in violation of ERISA, but for which he would have standing." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1222 (5th Cir.), *cert. denied*, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). Because her status is at the core of this suit, this court finds summary judgment is inappropriate at this time.

Burditt has stated a cause of action under ERISA and further, has standing to assert her claim.

## STATUTE OF LIMITATIONS

■ The defendants argue that the claim is barred by the ERISA statute of limitations. Conversely, Burditt argues that the ERISA statute of limitations allows her cause to proceed. The ERISA statute of limitations referred to by the parties, 29 U.S.C. § 1113, provides either (1) a three-year period dating from the earliest date on which the plaintiff had actual knowledge of the breach or violation or (2) a six-year period commencing after the date of the last action which constituted a part of the breach or violation. Neither the plaintiff nor the defendants are correct. Congress did not provide a statute of limitations for section 510 actions under ERISA.[2]

Where claims under federal statutes are silent with regard to a statute of limitations, the courts must apply the limitations period of the most analogous state law cause of action. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34, 115 S.Ct. 1927, 1930–31, 132 L.Ed.2d 27 (1995). The Fifth Circuit has ruled on the proper characterization of § 510 claims for limitations purposes and, in so doing, found § 510 claims to be most analogous to wrongful discharge or employment discrimination claims. *McClure v. Zoecon, Inc.*, 936 F.2d 777 (5th Cir.1991). Burditt complains that Kerr–McGee wrongfully terminated her employment in an effort to avoid paying retroactive benefits. Therefore, the appropriate statute of limitations for wrongful termination under Mississippi law is the "catch-all" statute of limitations, Miss.Code Ann. § 15–1–49. *Robinson v. Coastal Family Health Center, Inc.*, 756 F.Supp. 958, 961–62 (S.D.Miss.1990). Because Burditt filed her complaint within three years of her termination, she is not barred by the statute of limitations and, therefore, the defendants' motion is denied.

---

**2.** The ERISA statute of limitations pertains to actions with respect to a breach of the fiduciary's duties under ERISA. The statute twice mentions "this part" which refers to *Part 4–Fiduciary Responsibility*, the section containing the statute of limitations, and not *Part 5–Administration and Enforcement*, the section containing the discriminatory discharge provision.

## SUBJECT MATTER JURISDICTION

Kerr–McGee initially filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule Civil Procedure 12(b)(1) arguing that Kerr–McGee was not the proper defendant for an ERISA action and, instead, that the action should have been brought against the plan or the administrator of the plan. The plaintiff immediately thereafter filed an amended complaint including as a defendant the Kerr–McGee Benefits Committee. The defendants filed a motion in response to the amended complaint arguing that the Benefits Committee, which had been the proper defendant according to the previous argument, is not now the proper defendant because "the Benefits Committee played no part in KMCC's classification of workers or staffing decisions."

The Kerr–McGee Benefits Committee is not the proper defendant for Burditt's § 510 ERISA claim because the plan is not capable of providing a remedy. Rather, the employer is the proper defendant for a § 510 claim under ERISA. *Chailland v. Brown & Root,* 45 F.3d 947, 950. However, because Burditt also has a claim for statutory penalties for failure to supply her with a copy of the plan as requested, the Benefits Committee will remain a defendant. *See Abraham v. Exxon,* 85 F.3d 1126 (5th Cir.1996) (finding the plaintiffs were correctly denied benefits under the plan, but were also "participants" under ERISA and had standing to bring a claim for statutory penalties for failure to provide a requested copy of the plan).

## CONCLUSION

One final matter deserves the court's attention. Two cases must be distinguished for clarification purposes. This court recently granted summary judgment to the defendants in another ERISA case, *Sykes v. Kerr–McGee,* No. 1:96CV24–S–D, 1997 WL 271705 (May 2, 1997). Unlike the plaintiff in the case at bar, Sykes drew paychecks from outside agencies from the very beginning of the time she worked in the Kerr–McGee facility. A "participant" for ERISA purposes is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee bene-fit plan which covers employees of such employer." 29 U.S.C. § 1002(7), *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989). Sykes was not a "participant" as she was not a former employee. Although not explicitly stated, status as a "participant," or, more specifically, a former employee appears to be the basis of the holding in the New York district court case, *Renda v. Adam Meldrum & Anderson Co.,* 806 F.Supp. 1071 (W.D.N.Y. 1992), the second case this court finds warrants discussion.

*Renda* was decided on the basis of Internal Revenue Code and Treasury regulations. The Fifth Circuit explicitly rejected the argument presented in *Renda* by saying:

> We read the function of Treasury regulations more narrowly. The regulations purport to do no more than determine whether a plan is a qualified tax plan. Failure to meet the requirements of those regulations results in the loss of a beneficial tax status; it does not permit a court to rewrite the plan to include additional employees.

*Abraham v. Exxon Corp.,* 85 F.3d 1126, 1131. The court further stated that absent an explicit provision within the plan declaring that it is to be construed to meet the requirements of an ERISA plan, "a court is not entitled to look to Treasury regulations to determine employee eligibility for participation in an ERISA plan." *Id.*

For the reasons stated above, the defendants' motions are hereby denied.

An appropriate order shall issue.