IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-2348
Summary Calendar
_____

J.R. WHITTEMORE, et al.,

Plaintiffs-Appellants,

VERSUS

SCHLUMBERGER TECHNOLOGY CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(September 21, 1992)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The plaintiffs, who are former employees of Schlumberger Technology Corp. ("Schlumberger"), brought suit against that company for breach of an employment contract. Schlumberger removed to federal court on the ground that the cause of action is pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In a thorough and persuasive memorandum and order, the district court granted Schlumberger's motion for summary judgment, denying any recovery to the plaintiffs. We agree with the district court's analysis and, accordingly, we affirm.

I.

The plaintiffs basically claim a denial of severance pay under a provision of the company's management policy manual that had provided for severance pay in lieu of notice of termination. That policy was amended on December 22, 1988, to provide that, unlike the previous provision, an employee was not entitled to pay in lieu of notice, where he or she was released from employment before the expiration of a prescribed period of notice of termination, if he or she was offered full-time employment by a company acquiring the division of Schlumberger in which the employee worked.

The plaintiffs worked in the MACCO Division of Schlumberger, which was purchased by Arrow Oil Tools ("Arrow") on February 28, 1989. Apparently, the amended severance plan was adopted after plans were made for the purchase by Arrow, although it became effective before the sale took place. The plaintiffs, however, seek severance pay under the former provision.

II.

The plaintiffs first argue that federal jurisdiction is wanting because the Schlumberger plan is not an ERISA employee welfare benefit plan. ERISA defines a covered "employee welfare benefit plan" as one that provides "(A) . . . benefits in the event of sickness, accident, disability, death or unemployment . . . or (B) any benefit described in [section 302(c) of the Labor-Management Relations Act]." 29 U.S.C. § 1002(1). Benefits

2

under section 302(c) of the Labor-Management Relations Act include ". . . pooled vacation, holiday, severance or similar benefits . . . ."  29 U.S.C. § 186(c)(6).

The plaintiffs depart from the plain meaning of these provisions to argue that Schlumberger's severance pay in lieu of notice is not an ERISA plan in light of <u>Fort Halifax Packing Co. v. Coyne</u>, 482 U.S. 1 (1987), and <u>Wells v. General Motors Corp.</u>, 881 F.2d 166 (5th Cir. 1989), <u>cert. denied</u>, 495 U.S. 923 (1990).  As the district observed, however, these cases are distinguishable.  <u>Fort Halifax</u> involved a state law requiring severance pay, without establishment of a plan, and <u>Wells</u> involved a one-time severance obligation without the ongoing administration of benefits that is required of an ERISA plan.  Schlumberger's plan, on the other hand, was not created with a particular closing in mind and had been in existence for some time.

The plaintiffs concede that "ordinarily, unfunded single employer severance policies are benefit plans within the Scope [sic] of ERISA."  Their argument that the Schlumberger plan is self-executing and thus does not require "administration" is to no avail, as we perceive nothing about the Schlumberger plan to take it out of the ordinary definition of an ERISA plan.  Moreover, the plan plainly required some sort of an administrative set-up in order to make payments to employees.


III.

The plaintiffs assert that if the Schlumberger plan is an

3

ERISA plan, Schlumberger violated it by failing fully to disclose the terms of the amendment to the employees prior to their termination. The plaintiffs concede, however, that the amendment "technically occurr[ed] before the employees' termination." Even if this concession were not enough, the district court specifically found that Schlumberger complied with ERISA's disclosure requirements in that "plaintiffs admit receiving copies of the amended severance . . . plan on February 7, and admit receiving a summary description of this plan change on March 8, 1989." The plaintiffs do not dispute these facts.

The plaintiffs acknowledge that Schlumberger gave notice within the time permitted by ERISA. They argue only that "such a technical reading of the disclosure provisions . . . work [sic] an inequitable result and give [sic] effect to form over substance." We conclude, to the contrary, that Schlumberger was entitled to give notice within the statutory notice period and was not required to provide it sooner. The plaintiffs' argument is without merit.

IV.

The plaintiffs aver that their right to severance benefits had vested, precluding any amendment. They admit, however, that "ordinarily, severance benefits are unaccrued, unvested benefits which an employer has no continuing duty to provide." The strongest argument they can muster for the proposition that the instant severance benefits are vested is that they "have been

4

unable to find any case law which conclusively holds that, under ERISA, severance benefits never vest." In fact, severance benefits consistently have been held not to vest. See, e.g., Reichelt v. Emhart Corp., 921 F.2d 425, 430 (2d Cir. 1990), cert. denied, 111 S. Ct. 2854 (1991); Young v. Standard Oil (Ind.), 849 F.2d 1039, 1045 (7th Cir.), cert. denied, 488 U.S. 981 (1988).

## V.

The plaintiffs argue that if the amended plan does not apply to them because of Schlumberger's failure to make proper disclosure, they are entitled to de novo review of the denial of their benefits. In light of our conclusion that the district court was correct in its determination that notice was legally sufficient, we need not consider this issue.

The district court properly concluded that the plaintiffs are entitled to no relief. Its judgment, accordingly, is AFFIRMED.