United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-51214

LAURA GALVAN,

Plaintiff-Appellant,

versus

SBC PENSION BENEFIT PLAN; SBC COMMUNICATIONS, INC.;
UNIDENTIFIED CLAIMS ADMINISTRATOR FOR THE
SBC PENSION BENEFIT PLAN; UNIDENTIFIED FIDUCIARIES
OF THE SBC PENSION BENEFIT PLAN, each individually;
MELLON FINANCIAL CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(5:04-CV-333)

Before BARKSDALE, DEMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Laura Galvan appeals the dismissal, for failure to exhaust administrative remedies, of her claims arising under the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1101 *et seq.* (ERISA). She contends: SBC Pension Benefit Plan, SBC Communications, Inc. (the Plan's sponsor and coordinator), and Mellon Financial Corporation (the Plan's outside claims administrator) wrongfully deprived her of Plan benefits; and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plan's fiduciaries breached their fiduciary duties toward the Plan when, *inter alia*, they misallocated under a qualified domestic relations order (QDRO). **VACATED and REMANDED.**

I.

Galvan and Stanley Davis, an SBC employee and Plan participant, divorced in 1995. As part of that process, Galvan acquired an interest in Davis' Plan benefits pursuant to a QDRO, entitling her to fifty percent of his accrued benefits as of 16 March 1995.

In November 2000, Davis accepted an early-retirement payment from SBC. Galvan contacted SBC in February 2001, requesting information about that payment and how the QDRO affected its distribution. SBC replied that April, stating, *inter alia*, the amount it determined Galvan was due under the QDRO, based on Davis' accrued benefits under the Plan, and offering her a single life annuity, payable over Davis' lifetime, of $ 639.91 a month, with a lump-sum amount of $ 106,921.74. This distribution did *not* include part of Davis' early-retirement payment.

Because Galvan and defendants disagreed whether the QDRO entitles Galvan to a portion of that payment, she requested from SBC more information about the payment, including an accounting. SBC did not reply to Galvan's satisfaction, and further communication between them failed to resolve her concerns. (Among

other things, Galvan filed an action in state court, but dismissed the Plan in order to exhaust administrative remedies.)

Therefore, as an alternate payee under the Plan, Galvan filed a benefits claim with SBC, which it received on 22 March 2004, approximately three years after Galvan's initial 2001 contact with SBC. In this administrative claim, Galvan asserted: the QDRO entitled her to part of Davis' early-retirement payment; and the Plan's fiduciaries breached various duties in their communications with her and in their transaction with Davis. Galvan requested benefits under the QDRO, as well as for the fiduciaries, *inter alia*, to reimburse the Plan the amount allegedly misallocated to Davis.

Pursuant to ERISA regulation, SBC had 90 days from the 22 March receipt of Galvan's administrative claim in which to respond. *See* 29 C.F.R. § 2560.503-1(f)(1). Nevertheless, Galvan filed her original complaint in this action on 20 April, approximately 60 days before defendants' 90-day response window had closed and without resolution of her administrative claim. Her complaint presented claims for benefits and breach of fiduciary duty. The prompt filing of her complaint was to preserve her fiduciary claims in the face of potential expiration of the limitations period; she did not, however, serve defendants with that complaint.

On 22 June 2004, two days *after* defendants' 90-day administrative-response period had ended, SBC sent a letter (dated

3

15 June) notifying Galvan it needed more time to process her administrative claim. *See id.* ("If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 90-day period."). Galvan received this extension notice on 25 June 2004.

One day earlier (24 June), however, Galvan had concluded her administrative claims were exhausted because the 90-day period had expired without a response from defendants. Accordingly, on 24 June, she filed an amended complaint and moved the district court to either: rule she had exhausted administrative remedies; abate her claims until her administrative remedies were exhausted; or toll the limitations period for her fiduciary claims. In so moving, she contended: because SBC did not respond to her administrative claim within 90 days, her administrative remedies should be deemed exhausted under 29 C.F.R. § 2560.503-1(l), which states a party shall "be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies" under ERISA, 29 U.S.C. § 1132(a), if the plan fails to "follow claims procedures consistent with the requirements of this section". 29 C.F.R. § 2560.503-1(l). Galvan served defendants with the amended complaint and motions.

4

Galvan's amended complaint reiterated the claims in her original complaint. She presented two claims for benefits under the QDRO. She also raised, *inter alia*, three breach-of-fiduciary-duty claims for: causing the Plan to lose money by distributing to Davis sums due Galvan under the QDRO; negligence and imprudence in making a lump-sum distribution to Davis without Galvan's authorization; and not disclosing the identity of the fiduciary responsible for determining Galvan's benefits claims.

Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b), asserting Galvan had not exhausted her administrative remedies for her benefits and fiduciary claims. Defendants contended Galvan's administrative remedies should not be deemed exhausted based on the late notice of administrative continuance because that notice substantially complied with ERISA regulations. Alternatively, defendants moved to stay the proceedings until administrative remedies had been exhausted.

On 30 September 2004, the district court granted defendants' motion to dismiss, concluding they had acted in substantial compliance with ERISA regulations in responding to Galvan's administrative claim; therefore, her administrative remedies had *not* been exhausted. It held: tolling did not apply to her fiduciary claims under **Radford v. General Dynamics Corp.**, 151 F.3d 396, 400 (5th Cir. 1998) (holding the ERISA limitations period is not tolled while administrative remedies are being exhausted),

5

*cert. denied*, 525 U.S. 1105 (1999); and dismissal without prejudice, not abatement, was the proper disposition.

Galvan moved to reconsider, asking the court to find her administrative remedies exhausted because of defendants' failure to comply strictly with ERISA regulations concerning the timing and content of the extension notice. Galvan acknowledged SBC had denied her administrative claim and declared it exhausted during the district court proceedings (the final administrative ruling was rendered on 29 September 2004, the day before the district court's dismissal order). Notwithstanding her administrative remedies therefore being exhausted, Galvan asserted the exhaustion issue was not moot because whether the district court would defer to the Plan's denial of her administrative claim remained at issue. She contended: the applicable ERISA regulations abolished the substantial-compliance doctrine relied upon by the district court; and defendants' administrative-compliance failures, taken in the aggregate, deprived her of adequate notice of the initial denial of her administrative claim and of full and fair review of that claim.

Defendants responded that Galvan failed to establish justifiable grounds for reconsideration. The district court denied the motion for reconsideration, holding: the ERISA regulations did not abolish the substantial-compliance doctrine; and the later exhaustion of Galvan's claims did not affect their lack of exhaustion at the time she filed her complaint.

II.

Although Galvan contends fiduciary claims need *not* be exhausted, she acknowledges that benefits claims must be. Galvan asserts the district court erred by: (1) dismissing her benefits and fiduciary claims for lack of exhaustion; (2) declining to abate her fiduciary claims, pending exhaustion of her benefits claims; (3) declining to toll the limitations period for her fiduciary claims, pending any required exhaustion of her administrative claim; and (4) ruling SBC substantially complied with ERISA regulations in responding to Galvan's benefits claims two days outside the 90-day window.

A.

Galvan maintains her claims were wrongly dismissed for failure to exhaust administrative remedies. Such a dismissal is reviewed *de novo*. *E.g.*, *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 351 (5th Cir. 2003), *cert. denied*, 541 U.S. 1072 (2004); *see also Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 105 (2d Cir. 2005) (A district court's dismissal of a claim for failure to exhaust administrative remedies is reviewed *de novo*.); *D'Amico v. CBS Corp.*, 297 F.3d 287, 290 (3d Cir. 2002) ("[W]e review de novo the applicability of exhaustion principles to plaintiffs' claims".).

The district court ruled generally: Galvan's claims were "barred by the requirement of exhaustion of administrative

7

remedies", but erroneously specified: "failure to exhaust administrative remedies under ERISA causes a court to lose jurisdiction", *Galvan v. SBC Pension Benefit Plan*, No. SA-04-CA-033-XR, slip op. at 6 (W.D. Tex. 30 Sept. 2004); and it was "without jurisdiction" because Galvan had failed to exhaust administrative remedies before she filed her complaint, *Galvan v. SBC Pension Benefit Plan*, No. SA-04-CA-0333-XR, slip op. at 2 (W.D. Tex. 21 Oct. 2004) (order denying motion for reconsideration).

Our court has held ERISA exhaustion is *not* a prerequisite to federal court jurisdiction. *See Hager v. NationsBank N.A.*, 167 F.3d 245, 248 n.3 (5th Cir. 1999); *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 n.6 (5th Cir. 1995). Furthermore, the district court erred in ruling on Galvan's contentions pertaining to her fiduciary-duty claims without factual development of whether she properly stated a breach-of-fiduciary-duty claim, or whether her asserted fiduciary claims are instead disguised benefits claims. The court's not factually developing this fundamental issue before dismissing both her fiduciary and benefits claims for failure to exhaust was significant because, although benefits claims require administrative exhaustion, fiduciary claims do *not*. *Compare Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006) (en banc) (holding "fiduciary breach claims [do] not requir[e] exhaustion of administrative remedies") (citing *Smith v. Sydnor*, 184 F.3d 356, 365 (4th Cir. 1999), *cert. denied*, 528 U.S. 1116

8

(2000) and *Molnar v. Wibbelt*, 789 F.2d 244, 250 n.3 (3d Cir. 1986)), *with* *Chailland*, 45 F.3d at 950 n.6 (holding administrative remedies must be exhausted before bringing a *benefits claim*), *and* *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295, 1301–02 (5th Cir. 1985) (same).

In dismissing Galvan's claims, the district court erroneously stated breach-of-fiduciary-duty claims are subject to the exhaustion requirement, citing *Simmons v. Willcox*, 911 F.2d 1077 (5th Cir. 1990). *Simmons*, however, held the exhaustion requirement applies to fiduciary claims that are instead *disguised benefits claims*, not to true breach-of-fiduciary-duty claims. *Id*. at 1081; *see* *Smith*, 184 F.3d at 362 (interpreting *Simmons* as requiring administrative exhaustion where a fiduciary claim is based on either the denial of benefits or a similar decision regarding a benefits claim, in which case "such a claim is a naked attempt to circumvent the exhaustion requirement").

Because the district court did not consider whether Galvan's fiduciary claims for misallocation of Plan assets are disguised benefits claims, thus subject to exhaustion, we remand for factual development of whether Galvan is pursuing a fiduciary claim, which does *not* require administrative exhaustion, or a disguised benefits claim. *See* *Milofsky*, 442 F.3d at 313; *see also* *D'Amico*, 297 F.3d at 291 (Fiduciary claims amount to benefits claims when "resolution of the claims rests upon an interpretation and application of an

9

ERISA-regulated plan rather than on an interpretation and application of ERISA". (Internal quotation omitted.)); **Harrow v. Prudential Ins. Co. of Am.**, 279 F.3d 244, 253 (3d Cir. 2002) ("Plaintiffs cannot circumvent the exhaustion requirement by artfully pleading benefit claims as breach of fiduciary duty claims.").

Because we remand for factual development and determination of whether Galvan has properly raised a breach-of-fiduciary-duty claim, we need not consider her assertion regarding the district court's refusal to abate her fiduciary claims pending exhaustion of her benefits claims. Likewise, until it is determined whether Galvan properly raised a fiduciary claim, it would be premature to determine whether the court erred in declining to toll the limitations period for her fiduciary claims, pending exhaustion of her administrative claim.

B.

On remand, in the event the district court rules Galvan is indeed pursuing breach-of-fiduciary-duty claims, as discussed *supra*, no exhaustion was required for those claims. If, however, the court rules those claims are disguised benefits claims and, thus, subject to exhaustion, then it correctly dismissed her claims, including those she identified as benefits claims, without prejudice, for failure to exhaust.

10

The dismissal of a complaint for failure to exhaust is reviewed for abuse of discretion. *See* ***Zhou v. Guardian Life Ins. Co. of Am.***, 295 F.3d 677, 678 (7th Cir. 2002). Galvan asserts: her administrative remedies were exhausted *after* she filed her original complaint; therefore, the district court erred in dismissing this action.

SBC responds: the district court properly dismissed Galvan's claims because exhaustion of administrative remedies is a prerequisite to pursuing claims in district court; and she had not exhausted those remedies when she filed her original complaint on 20 April 2004. Along this line, SBC maintains: a party cannot pursue administrative and federal remedies concurrently; and prohibiting this practice better meets the efficiency goals of the ERISA exhaustion doctrine. Also, dismissing premature claims without prejudice allows litigants to cure their mistakes. SBC analogizes ERISA exhaustion requirements to those of the Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), which prohibit a prisoner from filing a claim in federal court while attempting to exhaust administrative remedies.

Galvan replies: a plaintiff may exhaust administrative remedies after a federal action has been filed; the analogy between the PLRA and ERISA exhaustion requirements fails because the PLRA's exhaustion requirement is mandated by statute, while ERISA's is a matter of common law; and, in this instance, dismissal of Galvan's

11

claims will result in harm because the limitations period on her fiduciary claims may have run by the time she re-files her (now exhausted) claims.

It appears the district court's dismissal for failure to exhaust was based on Galvan's not having exhausted her administrative remedies when she filed her amended complaint (see *infra* concerning the operative filing date being that of the original, *not* the amended, complaint). Consequently, Galvan's appeal highlights SBC's failure to respond timely to her claims; she contends this failure triggered 29 C.F.R. § 2560.503-1(l), which, as discussed *supra*, dictates a claim be deemed exhausted if a plan does not comply with those regulations concerning administrative remedies. Because SBC did not comply with those regulations, Galvan asserts, her administrative remedies *were* exhausted at the time she filed her amended complaint.

A claim arising under ERISA does not accrue until an administrative claim has been denied. *Paris v. Profit Sharing Plan for Emp. of Howard B. Wolf, Inc.*, 637 F.2d 357, 361 (5th Cir.), *cert. denied*, 454 U.S. 836 (1981). SBC received Galvan's claim on 22 March 2004; Galvan filed her original complaint on 20 April, less than a month later.

Further, our court "fully endorse[s] the *prerequisite* of exhaustion of administrative remedies in the ERISA context". *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir.) (citing

12

*Simmons*, 911 F.2d at 1081, and ***Meza v. Gen. Battery Corp.***, 908 F.2d 1262, 1279 (5th Cir. 1990)) (emphasis added), *cert. denied*, 510 U.S. 816 (1993). "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. The filing date of Galvan's original complaint (20 April), *not* that of her amended complaint (24 June), is the operative date for this analysis.

Galvan did not satisfy the exhaustion requirement when she filed her original complaint. Further, she admits she planned to pursue administrative remedies after filing; and she waited to serve defendants until *after* she both concluded her claims had been exhausted due to defendants' failure to respond and filed an amended complaint. In short, Galvan acted in precisely the manner the exhaustion requirement was designed to avoid. The district court did *not* err in dismissing her benefits claims without prejudice for lack of exhaustion. (Our conclusion that the district court properly dismissed these claims because they were not exhausted when Galvan filed her original complaint obviates reaching the substantial-compliance issue.)

## III.

For the foregoing reasons, the judgment is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

*VACATED AND REMANDED*

13