# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

No. 10-41305

Lyle W. Cayce
Clerk

PATRICK BERNARD SMITH,

Plaintiff-Appellant

v.

SGT. MICHAEL OLSEN; ROBERT D. ROE; KEVIN L. CARLVIN; CORRECTIONAL OFFICER JESSE L. DAVIS; CORRECTIONAL OFFICER DOMENICO DEPALMA; CORRECTIONAL OFFICER ERIC A. MCCLENDON; CORRECTIONAL OFFICER GREG S. VICKERY; CORRECTIONAL OFFICER DAVID K. WRIGHT; NURSE JANE DOE; OFFICERS JOHN DOE, 1-5; NANCY J. YOUNG; DONNA STEELY; OFFICER PENELOPE BARNES, also known as Penelope R. Burnes,

Defendants-Appellees

Appeals from the United States District Court
of the Eastern District of Texas
U.S.D.C. No. 6:10-cv-00243-JKG

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Patrick Bernard Smith appeals the dismissal of his complaint for failure to exhaust administrative remedies. We REVERSE.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41305

## I.

On April 3, 2009, Smith, a prisoner, filed the instant civil rights action pro se in the Southern District of Texas, asserting that prison officials inappropriately treated his left knee injury, which was caused by an accident on the uneven surfaces of a prison recreation yard during a basketball game in 2007. On September 23, 2009, Smith was permitted to file a second amended complaint, which detailed that his knee condition was exacerbated by the excessive force of security officers during an altercation following his discharge from a prison infirmary in March of 2009. On May 5, 2010, in response to Smith's evolving narrative, the claims related to incidents arising at the George Beto Unit were transferred to the Eastern District of Texas, forming the instant case.

The parties consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). On November 1, 2010, following an evidentiary hearing, the magistrate judge granted several defendants' motion for summary judgment and dismissed the complaint with prejudice for failure to exhaust administrative remedies. This appeal followed.

## II.

The dismissal for failure to exhaust administrative remedies is reviewed de novo. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). "We [also] review the grant of summary judgment de novo, applying the same standards as the district court." *In re Egleston*, 448 F.3d 803, 809 (5th Cir. 2006) (internal quotation marks and citation omitted). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001).

"Under the Prison Litigation Reform Act ('PLRA'), prisoners must properly exhaust 'such administrative remedies as are available' prior to filing a section

No. 10-41305

1983 action concerning prison conditions." *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)).   The Texas Department of Criminal Justice follows a two-step grievance procedure.   "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted." *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  We have taken a "strict approach" to the PLRA's exhaustion requirement.  *Dillon*, 596 F.3d at 268.

The summary judgment evidence established that Smith filed four Step 1 grievances within the relevant time prior to filing his original complaint. However, Smith did not proceed to file a Step 2 grievance after one of his Step 1 grievances was denied, and initiated this lawsuit prior to resolution of the two-step process for each of his remaining grievances.  As Smith did not complete the two-step process for any of his grievances prior to initiating his case, the Magistrate Judge dismissed the case for failure to exhaust administrative remedies.

Smith, however, argues on appeal that his case should not have been dismissed because one of his grievances, # 2009117825, was properly exhausted after the filing of his original complaint but prior to the filing of his second amended complaint.[1]  Grievance # 2009117825 was filed at Step 1 on March 18, 2009.  Smith's Step 1 grievance was denied on April 3, 2009, and his subsequent Step 2 grievance was denied on May 27, 2009.  Thus, Smith had completed both steps before he was given permission to amend his complaint for the second time on September 23, 2009.

An amended complaint will not typically cure the failure to exhaust

---

[1] Smith filed several other grievances which were exhausted prior to the filing of his second amended complaint.  However, in his brief, he emphasized and reiterated several times that grievance # 2009117825 became "the basis of this lawsuit[,]" "is the main primary issue and not [any] other grievances[,]" and "is the only grievance referring to the excessive use of force . . . ."   Accordingly, as Smith has waived all argument with respect to his other grievances, this opinion addresses only grievance # 2009117825.

No. 10-41305

administrative remedies prior to initially filing suit. *See Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (explaining that the PLRA "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending"), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Galvan v. SBC Pension Benefit Plan*, 204 F. App'x 335 (5th Cir. 2006) (affirming dismissal in ERISA action where plaintiff amended her complaint after exhaustion but filed her complaint prior to exhaustion).

In the instant case, however, Smith raised new factual allegations in his second amended complaint, also reflected in grievance # 2009117825, that he had not raised in his initial or first amended complaints. These allegations described physical abuse during his forced removal from the Beto Unit infirmary. Smith's distinct claims for incidents arising at the Beto Unit were transferred from the Southern District of Texas to the Eastern District of Texas, forming the instant lawsuit. It is apparent that Smith intended his second amended complaint to raise new claims, which he had exhausted, and these claims were so unrelated to his original complaint that they ultimately became a separate lawsuit. It is therefore in the interest of fairness that Smith, a pro se inmate, be allowed to proceed with the claims he exhausted pursuant to grievance # 2009117825 prior to the filing of his second amended complaint.

## III.

For the foregoing reasons, we REVERSE the judgment, and REMAND for further proceedings consistent with this opinion.