**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2012

Lyle W. Cayce
Clerk

No. 11-50828
Summary Calendar

WAYNE MCGEE MANEMANN,

Plaintiff-Appellant

v.

NATHAN GARRETT, Sheriff of Llano County; DONNIE STEWART, Llano Jail
Administrator; LLANO COUNTY, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-601

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wayne McGee Manemann filed a 42 U.S.C. § 1983 complaint alleging that
while he was incarcerated as a pretrial detainee in the Llano County Jail (LCJ)
between July 4, 2008, and December 5, 2008, the defendants violated his
constitutional rights by discriminatorily and indifferently refusing to provide
him with special footwear he required for a preexisting condition. Manemann
alleged that, as a result, his foot and leg became infected and eventually had to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

be amputated. The district court granted summary judgment to the defendants on all claims pertaining to the denial of the special footwear during Manemann's incarceration because he had not exhausted his administrative remedies with respect to those claims. The district court granted summary judgment to defendant Donnie Stewart on the sole remaining claim that he had shown deliberate indifference to Manemann's serious medical needs on the afternoon of December 5, 2008. Manemann filed a timely notice of appeal.

We review the grant of a motion for summary judgment de novo. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010).

Before filing a complaint under § 1983, a prisoner must exhaust his available administrative remedies. 42 U.S.C. § 1997e(a). The summary judgment evidence in this case includes a copy of the LCJ inmate handbook that requires an inmate to file a written grievance if he has a problem while housed in the jail. Construing "all facts and inferences in the light most favorable to the nonmoving party," as we must, *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted), the evidence shows that Manemann was unaware of LCJ's grievance policy and simply made oral requests for his footwear because that was the convention at LCJ. "Available" for purposes of § 1997e(a) means "personally obtainable" or "accessible." *Days v. Johnson*, 322 F.3d 863 867 (5th Cir. 2003). Nothing in the record before us suggests that Manemann ever asked for information about filing a grievance and was refused such information or was given incorrect information. *Cf. Dillon*, 596 F.3d at 265-69 (concluding that there was a dispute as to availability of remedies where officers told prisoner that he could not file a grievance). Thus, the defendants met their burden of showing that a grievance policy existed and that it was accessible to Manemann. *See Dillon*, 596 F.3d at 266. Manemann has not

cited any authority for his suggestion that the defendants were required to show that other inmates had actually used the LCJ grievance policy. Nor does a reading of the entire grievance policy support Manemann's suggestion that the policy was effectively unavailable because it could not provide any remedy for his complaints. By failing to even inquire about filing a grievance regarding the denial of his special footwear, Manemann failed to exhaust his remedies with respect to any claims related to that denial, and those claims were subject to dismissal. *See* § 1997e(a).

Manemann asserts that he did exhaust his administrative remedies when he made verbal requests to Stewart for his footwear. He maintains that these verbal requests were sufficient to comply with the emergency complaint provision in the grievance policy. In the district court, however, he was adamant that he never complied with the grievance policy and should not have been required to do so because the policy was a sham policy that existed only to limit LCJ's liability. As the argument that he complied with the grievance policy's emergency provisions is made for the first time on appeal, we will not consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court did not specify whether its grant of summary judgment on Manemann's claims on exhaustion grounds was with or without prejudice, and it is presumed to be with prejudice. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir. 1993). Manemann requests that we modify the district court's judgment to reflect that those claims are dismissed without prejudice. However, he has failed to brief, and thus abandoned, the issue of equitable tolling, and he would now be time barred from refiling those claims. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, in this case, a dismissal without prejudice would have had the same effect as a dismissal with prejudice, and any modification of the district court's judgment would be futile.

*Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985).

Turning to Manemann's claim of deliberate indifference against Stewart, the evidence seen in the light most favorable to Manemann indicates that he showed Stewart his leg, which was red and swollen to twice the size of his other leg, and told Stewart he could not continue to work in that condition. The conversation took place on a Friday afternoon, and Stewart told Manemann that if his condition persisted that he would get Manemann to a doctor the following Monday. The swelling in Manemann's leg worsened over the next several hours until his toes were so swollen that they all appeared to be one mass of flesh. Manemann then showed his leg to a different jailer who had him taken to an emergency room where he was admitted and started on a course of intravenous antibiotics. The evidence does not establish that Stewart showed deliberate indifference toward Manemann's serious medical needs, *i.e.*, that he was subjectively aware of a substantial risk of serious harm to Manemann and ignored that risk. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Stewart may have been negligent in deciding that medical care was not necessary that afternoon, but negligence does not amount to deliberate indifference. *See Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). The evidence here supports the district court's grant of summary judgment.[1]

Finally, Manemann argues that the district court should not have dismissed his claims on summary judgment without allowing him to conduct discovery. We review discovery decisions for an abuse of discretion. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). We have reviewed

---

[1] As the district court noted, Manemann could not have filed a grievance regarding this incident because he was released from LCJ on bond the following day. We therefore consider the merits of this claim. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion of available administrative remedies); *Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010).

Manemann's discovery requests, and conclude that the denial of discovery in this case was not "arbitrary or clearly unreasonable." *Moore*, 233 F.3d at 876.

AFFIRMED.