# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2015

Lyle W. Cayce
Clerk

DEMETRIUS S. RANKIN,

Plaintiff-Appellant

v.

BRUCE PEARSON; LEROY PITTS; ARTHUR TRUEX; FREDRICK GRIFFIN; ARMAND LAROCHELLE; MICHAEL MORRIS; KEITH EVERETT; LISA CHISOLM-REAMS; ANTHONY CHAMBERS; B. PITTMAN; JENNIFER BOONE; CHARLES SMITH; WILLETTE SMITHERS; T. ALLEN; C. WILLIAMSON; C. MCGINTY; F. TROUBLEFIELD,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-138

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Demetrius S. Rankin, federal prisoner # 03266-043, filed a civil rights action against numerous prison officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He appeals the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's summary judgment dismissal of his claims.[1]  Rankin requests reconsideration of the Clerk's order denying him leave to file an out-of-time reply brief.  We GRANT that motion and have considered the reply brief.  *See* FED. R. APP. P. 26(b).

We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Rankin argues that the district court erred in dismissing his retaliation claims regarding events that began around November 2009 for failure to exhaust administrative remedies and under the doctrine of qualified immunity.  He has not shown error.  *See Dillon v. Rogers*, 596 F.3d 260, 273 (5th Cir. 2010).  Prior to bringing suit, a prisoner must exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  Rankin argues that he should be excused from the exhaustion requirement or that the defendants should be estopped from raising an exhaustion defense.  However, he has not shown that either remedy, even if available, is warranted in his case.  *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Dillon*, 596 F.3d at 270.  Rankin contends that the district court erred by dismissing his unexhausted claims with prejudice.  However, modification of the judgment would be futile because Rankin cannot now exhaust those claims.  *See Manemann v. Garrett*, 484 F. App'x 857, 859 (5th Cir. 2012).  As the district court did not err in dismissing Rankin's November 2009 claims as unexhausted, we do not address the court's reliance on qualified immunity.

---

[1] Rankin has waived any challenge to the dismissal of his claims regarding the opening of his legal mail by failing to brief that issue on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 13-60259

Rankin also argues that the district court erred in dismissing his retaliation claims regarding events that began in May 2010 for failure to exhaust administrative remedies, as moot, and based on qualified immunity. The record shows that Rankin may have exhausted his May 2010 claims. Moreover, it is not clear that his claims for monetary compensation were rendered moot by the eventual expungement of the disciplinary conviction that was part of that May 2010 incident. *See Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). However, the district court did not err in dismissing those claims under the doctrine of qualified immunity. *See QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 443 (5th Cir. 2009) ("We may affirm summary judgment on any basis raised below and supported by the record.").

Qualified immunity protects government officials whose "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007) (internal quotation marks and citation omitted). Rankin failed to rebut the defendants' assertion of qualified immunity because he could not show that their conduct violated his constitutional rights. *See Gates v. Texas Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). To prevail on a retaliation claim Rankin was required to establish that (1) he invoked a specific constitutional right, (2) the defendants had intent to retaliate against him due to his exercising that right, (3) a retaliatory adverse act, and (4) a causal connection. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Rankin's conclusional allegations that the defendants' actions were motivated by retaliatory animus were insufficient to present a genuine issue of material fact regarding causation. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

No. 13-60259

Although Rankin asserts that discovery would have produced evidence supporting his claims, he has not shown that discovery would have created a genuine issue of material fact. Accordingly, Rankin has not shown that the district court abused its discretion by denying his motion for a continuance in order to conduct discovery. *See Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Rankin also has not shown that the district court erred in citing alternative grounds for the dismissal of his claims against a number of the defendants and in dismissing his related due process and conspiracy claims.

Finally, Rankin argues that the district court erred by refusing to allow him to amend his complaint as of right and, alternatively, by dismissing the claims in his amended complaint because they were unexhausted at the time Rankin filed his original complaint. Citing *Smith v. Olsen*, 455 F. App'x 513 (5th Cir. 2011), Rankin argues that his claims should not have been dismissed because they were exhausted at the time he filed his amended complaint. However, *Smith* is a non-precedential, unpublished opinion that in any event involved unique circumstances, not present in Rankin's case, which warranted an exception to the exhaustion requirement. Although the district court should have permitted Rankin to amend his complaint, *see* FED. R. CIV. P. 15(a), it did not err by dismissing the claims in that complaint for failure to exhaust. *See Gonzalez*, 702 F.3d at 788.

The judgment of the district court is AFFIRMED.