# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50951

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

CARLTON E. BRANTNER,

      Plaintiff - Appellant

v.

FREESTONE COUNTY SHERIFFS OFFICE; SHERIFF DON ANDERSON; LIEUTENANT JIMMY MCADAMS, JR.; CORPORAL DON DUNN; CORRECTIONAL OFFICER BEN BARLOW; MUNICIPALITY OF FREESTONE COUNTY; SERGEANT WADE HARRISON,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CV-351

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

    Citing 42 U.S.C. § 1983, Carlton Brantner has sued the jail previously holding him for injuries he suffered after three attacks by other inmates. On appeal, Brantner briefed issues relating only to two of the attacks. The only issue relevant to this appeal is whether he is barred from pursuing his claims

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50951

for failing to exhaust them through prison grievance procedures. We conclude he has identified a genuine issue of material fact that precludes summary judgment on that point. We thus REVERSE the district court's judgment and remand for further proceedings; further rulings are contained below.

## I.    Background

Brantner sued the jail after, allegedly, other inmates attacked him and the jail delayed necessary medical care. He avers he was attacked three different times. After the first attack, Brantner waited two days—so he could avoid being overheard by other inmates—to tell a jail supervisor about the assault. He reported the assault to Corporal Don Dunn and requested a form to report the assault; Dunn photographed Brantner's injuries and told Brantner to "lay low and he would get the forms (grievance and statement) when he could." Brantner "tried to keep his distance and wait for [Dunn] to get the forms to [him]." He says that he never received the grievance forms.

The second attack occurred less than a week later. After the assault, Brantner pushed the emergency intercom button and told another jail official, Officer Barlow, that he had been assaulted and needed help. Barlow investigated the assault and reprimanded Brantner for using the intercom.

Brantner did not see a supervisor until the next day when he saw Dunn. Brantner asked Dunn why he had not been moved and told Dunn that he still "needed the grievance and forms to make two statements for two assaults." Dunn asked Brantner about his injuries and again told him to "lie low." Dunn told Brantner that he would get Brantner the forms "when he could."

Days later, Brantner sent Dunn "an 'inmate request form . . . reminding him about the forms to make statements." Either later that evening or the next, Dunn called Brantner out to the office area and gave him an envelope addressed to Brantner from his attorney, which actually had two "statement forms but no grievance form in it."

2

No. 17-50951

Brantner was attacked a third time the following week, this time with worse injuries. He had a fractured eye-socket, deep chest contusions, and a cut from eyebrow to ear. Brantner was examined at a local hospital, where the emergency room doctor instructed staff at the jail to obtain surgery for Brantner as soon as possible. Although surgery was allegedly available within days, the jail administrator waited until nearly three weeks later to schedule Brantner's surgery. Because of the delay, Brantner's fracture healed improperly, and additional surgery was required. Brantner sued alleging that the jail and its official violated his rights under the Fourteenth Amendment.

The defendants moved for summary judgment, arguing that Brantner failed to follow the jail's procedures to file a grievance, as the Prison Litigation Reform Act requires. *See* 42 U.S.C. § 1997e(a).

The defendants argued that the jail's procedures were set out in three documents. First, a document that we call the County Jail Rules informed inmates that "[a] grievance form is available to inmates. The form will be made available on request, and instructions will be given on the procedures for filing a grievance." Second, a document entitled the "Texas Commission on Jail Standards," which we call "the Grievance Plan," told inmates they should file grievances "in the form of a written statement or a completed grievance form within three (3) days of the incident." Third, a page purportedly from the Inmate Rules Handbook for Freestone County Jail advised inmates that to file a grievance, they must "send a written statement directly to the Jail Administrator (Lieutenant) in a sealed envelope within 3 days of the incident." It further directed, "The grievance must state the time, date and names of persons and/or staff members involved, and the pertinent details of the incident, including the names of any witnesses." The defendants contended that when Brantner was booked into the Jail, he was given the County Jail

3

Rules and the Inmate Rules Handbook, which, they maintained, "included an explanation of the Jail's grievance procedure and its requirements."

The defendants argued that Brantner knew about these rules and failed to follow them. To prove he had not submitted a grievance form, they submitted an affidavit stating so. To prove he knew about the rules, they made two independent arguments. One was that Brantner had submitted a grievance form for an unrelated incident weeks after the attacks, which they argued showed he knew of the grievance process rules and had access to forms. The other argument was that Brantner would have received the Inmate Rules Handbook upon entering the jail. Last, they argued that although Brantner claimed that no grievance forms were available, the summary judgment evidence showed that there was no requirement that a grievance be submitted on a particular form.

Brantner responded that the existence of the Jail's grievance policy was not at issue. Instead, he argued that the Jail had not given him access to the grievance policy, so he could not have followed it. He averred that the only knowledge he had of the grievance policy was that outlined in the County Jail Rules, which mentions only that prisoners can submit a grievance form. Brantner challenged the defendants' assertion that inmates were provided the Inmate Rules Handbook when entering the Jail, arguing that the Jail required inmates to sign or initial "everything they are informed" of and that they had provided no documentation showing that Brantner or any other inmate had received the Handbook. Brantner also challenged the authenticity of the single page that the defendants had represented was from the Freestone County Jail's Handbook, asserting that the page had actually come from the Limestone

No. 17-50951

County Jail Inmate Rules, as reflected by the handwriting on the document, crossing out "Lime" and writing "Free" above it.[1]

Brantner repeated these assertions in a verified reply to the defendants' motion for summary judgment, arguing that he never received any information about what type of remedies the limited plan in the County Jail Rules provided. He also contended that his use of a grievance form on January 6, 2015, to complain about his medication did not confirm he had "any understanding beyond minor complaints." Brantner later supplied the declaration of Robert Keathley. Keathley attested that he was incarcerated at the Jail between December 5, 2014, and January 7, 2015, and was acquainted with Brantner. Keathley stated that during his incarceration he never received an inmate rule handbook or any other documents explaining the jail rules or grievance procedures; nor did he recall ever knowing any other inmate who did.

The district court granted the defendants' motion for summary judgment based on Brantner's failure to exhaust his administrative remedies. The district court concluded that Brantner admitted that he was aware of the Jail's grievance procedure and had used it to complain about his medication schedule on January 6, 2015. Brantner timely appealed.

## II.    Standard of Review

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and if a party demonstrates it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We "construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.

---

[1] The page the defendants submitted does not have the handwriting to which Brantner refers. After Brantner filed this appeal, he moved for reconsideration in the district court and attached a copy of a page that reflects what he describes. We find it is properly before us, but it is not essential to the outcome here.

No. 17-50951

2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)). Whether administrative remedies were "available" is a question of law, but the resolution of that question sometimes turns on questions of fact. *Id.* Because exhaustion is an affirmative defense, the defendants have the burden of demonstrating that Brantner failed to exhaust. *See id.* "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003) (quoting *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000)).

### III.   Discussion

Brantner argues that the district court erred when it granted the defendants' motion for summary judgment based on his failure to exhaust his administrative remedies.  Before addressing those arguments, we note that Brantner has challenged that conclusion only with respect to the first two assaults.  He has not briefed whether he exhausted his remedies with respect to the third assault and delayed medical care after the assault.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Brantner has therefore abandoned those arguments for purposes of appeal. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).[2]  We thus focus on just the first two assaults.

---

[2] Brantner also argues that the district court erred in failing to grant his motion for reconsideration under Federal Rule of Civil Procedure 59(e).  Brantner timely filed a notice of appeal of the order granting summary judgment and then filed the Rule 59(e) motion a couple weeks later.  The district court denied it the next day.  Brantner never appealed that order.

We cannot consider Brantner's arguments about his Rule 59(e) motion.  Under 28 U.S.C. § 2107(a), "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed,

No. 17-50951

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Dillon*, 596 F.3d at 265–66 (applying PLRA in pretrial detainee's appeal from summary judgment based on his failure to exhaust). Prisoners "must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies *properly*.'" *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015)).

Here, Brantner has acknowledged that he did not exhaust his administrative remedies with respect to the first two assaults, but argues that his suit should proceed because administrative remedies were unavailable to him. A prisoner is not required to exhaust remedies if remedies are unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1855–59 (2016). An administrative remedy may be unavailable if (1) despite what regulations or materials may promise, prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," (2) "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or

---

within thirty days after the entry of such judgment, order or decree." *See also* Fed. R. App. P. 4(a)(B)(ii) (requiring that a party challenging the ruling on a Rule 59(e) motion "must file a notice of appeal, or an amended notice of appeal" within the relevant time limits). Brantner has not filed a notice of appeal of the order denying his Rule 59(e) motion, nor has he amended his initial notice of appeal. Brantner did brief the issue, though, which we have sometimes construed as the equivalent of filing a notice of appeal; but even when we construe the brief to be a notice of appeal, it must still be filed within the statutorily imposed time limits. *See Funk v. Stryker Corp.*, 631 F.3d 777, 781 (5th Cir. 2011). Brantner's brief in this court was filed well after the statutorily imposed time limit to appeal the denial of his motion for reconsideration. We thus lack appellate jurisdiction over the district court's order denying Brantner's Rule 59(e) motion. *Id.*; *see also Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13 (2017) (distinguishing between jurisdictional rules embodied in statutes and mandatory claims processing rules embodied in rules of procedure).

(3) prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60. As we have written, "Grievance procedures *are* unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015).

The defendants assert that Brantner reasonably could have learned about the grievance procedures, and they were thus not unavailable to him. According to the defendants, the Jail's grievance procedure consisted of the County Jail Rules, the Handbook, and the Plan. They contend that the County Jail Rules were given to Brantner upon being booked into the Jail and that "[t]his document discusses the Jail's grievance procedure and gives instructions to inmates regarding grievance forms and procedures." They assert that Brantner "acknowledged the existence of this grievance procedure" when being booked in to the jail. The defendants have also asserted that Brantner "would have" received the Inmate Rules Handbook upon being booked into the jail.

But Brantner has identified a genuine issue of material fact on those points. He has presented evidence that he never received the Inmate Rules Handbook. Though he concedes he received the County Jail Rules, he is correct that those Rules say only that grievance forms were available if an inmate requested them and that instructions "would be provided." Brantner has offered competent summary judgment evidence reflecting that after the first two assaults, he requested grievance forms but never received them or any further instruction about deadlines or content necessary to file a grievance.

This evidence, if believed, satisfies the unavailability exception to exhaustion. Here, Brantner was "thwart[ed]" from using prison processes because he was supplied with documents that only partially explained the

prison processes. *Ross*, 136 S. Ct. at 1859–60. When Brantner tried to follow those processes, he was again "thwart[ed]" by a prison official's "misrepresent[ation]" that he would be given a grievance form. *Id.* Thus, when the evidence is viewed in the light most favorable to Brantner, he was excused from exhausting prison procedures.

This case is unlike *Manemann v. Garrett*, where a prisoner was unaware of prison procedures and failed to exhaust. *See* 484 F. App'x 857, 858 (5th Cir. 2012) (per curiam). There, the prisoner had not presented any evidence that he had "ever asked for information about filing a grievance and was refused such information or was given incorrect information." *Id.*; *see also Huff v. Neal*, 555 F. App'x 289, 296 n.6 (5th Cir. 2014) (per curiam) (concluding that grievance procedures were available where inmate "could have discovered" deadline for filing a formal complaint (quoting *Dillon*, 596 F.3d at 269)). Here, Brantner was given incomplete information and told he would get the forms he thought he needed to file.

The defendants also argue that they presented evidence that Brantner actually knew about the grievance procedures and had access to a grievance form. To support that argument, they presented a grievance form that Brantner submitted complaining he was being denied his medication. But that form was submitted weeks after the exhaustion deadline for the first two attacks that are the subject of this appeal. Viewing that evidence in the light most favorable to Brantner, a jury could reasonably conclude that he received a form after the exhaustion period had already expired. Thus, the grievance procedures still could have been unknown and unavailable to Brantner at the relevant times for his claims regarding the first two attacks.

Though the defendants moved for summary judgment on other grounds below, they have not urged us to affirm on those grounds here. Consequently, we decline to address them in the first instance here and leave them for

consideration by the district court.  We thus reverse the district court's order dismissing the case as it applies to the first two assaults and remand for proceedings consistent with this opinion.

Brantner raises two other issues.  First, in his opening brief, Brantner requests that "his motion to appoint counsel be granted."  To the extent he is seeking counsel before this court, we deny the request as moot.  However, this request appears directed to the motion for appointment of counsel that he filed in the district court.  The district court applied the factors for appointment of counsel that we set out in *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982), and determined that at that stage of the proceedings, Brantner had not established that the issues were too complex or that he was incapable of bringing them.  Given that we have reversed and remanded the district court's judgment as to the first two assaults, the district court's conclusion that the exhaustion issue was "simple" "deserve[s] another look by the district court on remand and, specifically, consideration should be given to the appointment of pro bono counsel on remand." *Delaughter v. Woodall*, 909 F.3d 130, 141 (5th Cir. 2018).  Thus, we vacate that ruling and remand for reconsideration in light of this opinion without opining further on whether the motion to appoint counsel in the district court should be granted.

Brantner also requests that we sanction one of the defendants and his attorney because he believes they defrauded the court.  Brantner cites only the disputed evidence about the Inmate Rules Handbook to support his request.  His request for sanctions is thus based solely on a disputed fact in the case, which we cannot resolve on appeal.  Based on what Brantner has presented at this time, sanctions are inappropriate.

In sum, we REVERSE and REMAND as to the first two assaults for proceedings consistent with this opinion; VACATE and REMAND as to the

No. 17-50951

motion to appoint counsel in the district court; and AFFIRM the remainder of the judgment.  Motions before this court are DENIED.